AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District |
|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| TRAMAIL  HOOSER | 14297-026 | 04-20094-001 |

Place of Confinement

F.C.I  TERRE  HAUTE  IN

UNITED STATES OF AMERICA          V.          TRAMAIC  HOOSER
(name under which convicted)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack   318 U.S. Courthouse,

   201 S. Vine St. Urbana, IL. 61801

   FILED

2. Date of judgment of conviction  Dec. 19, 2005

   NOV 0 3 2006

3. Length of sentence  180 months

   JOHN M. WATERS, Clerk
   U.S. DISTRICT COURT
   CENTRAL DISTRICT OF ILLINOIS

4. Nature of offense involved (all counts)  Possession of a Firearm by Felon 922(g)
   URBANA, IL

   924(e).

5. What was your plea? (Check one)
   (a) Not guilty          ☐
   (b) Guilty              ☒
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury               ☐
   (b) Judge only         ☒

7. Did you testify at the trial?
   Yes  ☐     No  ☒

8. Did you appeal from the judgment of conviction?
   Yes  ☐     No  ☒

9. If you did appeal, answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____
_____

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes  ☐    No  ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.          Yes ☐    No ☐
(2) Second petition, etc.         Yes ☐    No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:  Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law):  Counsel failed to object to government's use of prior juvenile adjudication that improperly enhanced Petitioner's sentence.

B. Ground two: The Trial Court Illegally used Juvenile Adjudication to Enhance Petitioner's Sentence Beyond Statutory Maximum.

Supporting FACTS (state *briefly* without citing cases or law):  The Court relied on prior juvenile adjudication as a basis for enhancing Petitioner's sentence under 924(e). The use of prior juvenile conviction violates due process guranteed by U.S. Constitution.

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes  ☐      No  ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:

(a) At preliminary hearing  Tiffany Johnson, Federal Defender Office, 201 S.
Vine St.

(b) At arraignment and plea  Tiffany Johnson, Federal Defender Office, 201 S.
Vine St.

(c) At trial  Tiffany Johnson, Federal Defender Office, 201 S. Vine St.

(d) At sentencing  Harvey Welch, Address Unavailable

_____

(6)

(e)  On appeal _____

_____

(f)  In any post-conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
     Yes  ☐    No  ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
     Yes  ☐    No  ☒

     (a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

     (b)  Give date and length of the above sentence: _____

_____

     (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
          Yes  ☐    No  ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_10-2 6- 06_
Date

_Tramale Hooser_
Signature of Movant

(7)

E-FILED
Friday, 03 November, 2006  03:14:00 PM
Clerk, U.S. District Court, ILCD

MEMORANDUM IN SUPPORT OF
2255 MOTION TO VACATE, SET-ASIDE,
OR CORRECT SENTENCE.

## DISSCUSION

The Petitioner states that he was illegaly enhanced, and was not subject to an enhanced sentence under the provisions of 18 U.S.C. 924(e) which constitutes Armed Career Criminal. According to those provisions, if the instant offence of conviction is a violation of 18 U.S.C. 922(g) and the defendant has at <u>least</u> <u>three</u> prior convictions for a "violent felony".

The Petitioner submitts that the use of a prior "Juvenile" adjudication was unconstitutional. The Petitioners counsel never objected to the use of that "Juvenile" adjudication as a predicate offence for an enhancement under the ACCA. The Petitioner contends that had counsel objected to the use of that prior adjudication it would of gave the Trial Court an indepentant basis to measure the actual seriouness of Petitioner's prior adult record <u>minus</u> the use of the "Juvenile" adjudication. The enhancement provision in 18 U.S.C. 924(e) specifically called for a minimum sentence of 180 months. The Petitioner states that counsel was required to object to the Petitioner's sentence enhancement because the Petitioner record did not accurately reflect the seriousness of Petitioner's adult record. The Mittimus for the improper "Juvenile" adjudication expressly states the Petitioner was proceeded against as a "Juvenile". (See Exhibit A).

## ARGUMENT

The Petitioner states that he was improperly enhanced under 922(g), 924(e)(2), and by the use of a prior juvenile adjudication as a predicate offence. The Petitioner submitts the Court committed error when it relied upon the prior juvenile adjudication to enhance Petitioner's sentence. According to 705 ILCS 405/5-915 (2)(A)(B), the Petitioner had a Constitutional right to petition the Court for an order of expungement of law enforcement and juvenile court records. The use of the juvenile adjudication after the prescribed 5 year applicable time period once the juvenile court proceedings are terminated is unconstitutional.

The Petitioner states that other Courts have found the use of prior juvenile adjudications as predicate offences for enhancement improper and unconstitutional. U.S. v. Tighe, 266 F.3d 1187 (9th Cir. 2001). Counsel for Petitioner failed to even object to the use of this "juvenile adjudication". Although this Circuit has not ruled on the issue of the use of "juvenile adjudications", it has been a long standing practice of this Circuit not to use "juvenile adjudications" for enhancement purposes under the ACCA.

The Petitioner submitts that counsel's performance at critical stage of criminal proceeding was deficient and caused Petitioner to be illegally enhanced under the ACCA. Counsel's deficient performance led to ineffective assistance of counsel. The Petitioner asserts that counsels performance fell below the standard applied in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d. 674 (1984).

2

And that he was adversly affected by counsels performance.

## CONCLUSION

The Petitioner states that this Honorable Court should grant Petitioner an Evidentiary Hearing in order to show cause for Petitioner's motion to be granted. The record is clear that the court relied upon a prior juvenile adjudication as a predicate offence. The Petitioner submitts that the use of that offence violated Petitioner's Constitutional rights, because of the use of the prior juvenile adjudication 5 years after proceedings and committment on adjudication was terminated. The Petitioner sucessfully completed all terms and supervised release 5 years before the instant offence, pursuant to 705 ILCS 405/5-915 (4). This adjudication is to be held for naught as it never occured.

## RELIEF REQUESTED

Petitioner requests this Honorable Court for an order for an Evidentiary Hearing, order sentence vacated and set-aside so that Petitioner be sentenced without use of "juvenile adjudication" as predicate offence for enhancement.

Wherefore, Petitioner respectfully requests this Court:

1). Grant Relief Pursuant to 28 U.S.C. 2255.

2). Order Evidentiary Hearing.

3). Vacate Sentence and Order Resentencing Without Use of "Juvenile Adjudication" for Enhancement Under 924(e).

3

Petitioner prays that this Court grants all requests and thanks
this Court in advance for its time and effort in this proceeding.

Date: Oct. 26th, 2006

Respectfully submitted,

*Tramale Hooser*

Tramale Hooser #14297-026
Federal Correctional Inst.
P.O. Box 33
Terre Haute, IN. 47808

## ATTESTATION

I declare the above is true and correct under the penalty
of perjury as allowed by 28 U.S.C. 1746.

*Tramale Hooser*

Tramale Hooser, Affiant

4.

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY

\*\*\*\*JUVINAL DIVISION\*\*MITTIMUS FOR STATE PENAL INSTITUTIONS\*\*JUVINAL DIVISION\*\*\*\*

PLEAS before said Circuit Court held in the city of _____Danville_____ , Illinois

on ___Jan 3___ , 19 95

Present: HONORABLE _____Thomas J. Fahey_____ , Judge of Circuit Court

_____Michael Clary_____ , State's Attorney

_____Pat Hartshorn_____ , Sheriff

Attest: _____Sally Armes_____
(Clerk of the Circuit Court)

BE IT REMEMBERED that on said date the following, among other proceedings, were had and entered of record in said Court:

THE PEOPLE OF THE STATE OF ILLINOIS

vs.

Tramale Javon Michael Hoosier
                    Defendant

No. ___94-CF-257___

## JUDGMENT AND SENTENCE

Now come THE PEOPLE OF THE STATE OF ILLINOIS, by _____Michael Clary_____ ,

State's Attorney of _____Vermilion_____ County, and the defendant, in person and by counsel,

_____Robert McIntire  Public Defender_____ , and now

neither the defendant nor defendant's counsel saying anything further why the judgment of the court should not

now be pronounced against said defendant on the _____Verdict_____ of guilty heretofore
                                                        (plea or verdict)

entered to the charge of ___Ct. 5  Mob Action_____

as charged in the complaint or indictment returned in this cause on ___June 24___ , 19 95 ;

Therefore, it is ordered and adjudged by the court that said defendant is guilty of the crime of _____

_____Mob Action_____

as charged in the indictment or complaint herein.

The court finds the age of said defendant to be 17 years.

The court having offered to hear evidence in aggravation and mitigation of the offense as to the moral character, life, family, occupation, and criminal record of defendant, and the presentation of evidence having been heard by the court ___TRamale Javon Michael Hoosier_____ ,

the defendant having nothing further to say, the court hereby sentences said defendant to imprisonment in a

penitentiary and fixes the term of imprisonment at ___Juvinile Division DOC for indeterminate time.___
Credit for 279 days time served.

C112

It is further ordered and adjudged that the defendant be taken from the bar of this court to the common common . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . jail of said county, and from there be taken by the sheriff of said county to the ——————————— . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Juvenile Division Department of Corrections . . . . . . . . . ——————

and be delivered to the Department of Corrections, and said Department of Corrections is hereby commanded to confine the defendant for the term above fixed, or until discharged by due process of law. . . . . . . . .

It is further ordered that said defendant pay the costs of these proceedings and that mittimus be issued and executed without further delay.

Deft sentenced to Juvenile Division of DOC.

DEft given credit for 279 days time served.

Dated _____ , 19 __

_____
(Judge)

**STATE OF ILLINOIS**  }
                       }  ss.
Vermilion ____ County, }

The undersigned Clerk of the Circuit Court of the above named Court does hereby certify the above to be a true and complete copy of an order entered of record in said Court in the case of THE PEOPLE OF THE STATE

OF ILLINOIS versus ____ TRamale Javon Michael Hoosier _____

(Official Seal Affixed)

Signed and sealed before me

_____ , 19 __

_____
(Clerk of the Circuit Court)

To the Sheriff of ____ Vermilion ____ County to Execute

**STATE OF ILLINOIS,**  }
                        }  ss.
_____ County    }

I certify that the defendant has been held in custody in the County Jail _____ days; and I have

delivered the person named in the within mittimus to _____

_____

on _____ , 19 ___.

Costs:
Clerk............................$ _____
Sheriff...........................$ _____
State's Attorney.................$ _____

Dated _____ , 19 ___.

_____
( (Sheriff)

By: _____
        (Deputy)