IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| TRAMALE J. M. HOOSER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-CV-2218 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THE UNITED STATES OF AMERICA'S
RESPONSE TO THE PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

NOW COMES the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and requests that this Court deny the petitioner's *pro se* motion pursuant to 28 U.S.C. § 2255, filed November 3, 2006, as procedurally defaulted and on the merits. In support of its response, the United States states as follows:

**Procedural History**

1.     On September 1, 2004, a federal grand jury charged Tramale J. M. Hooser, the petitioner in the instant case, by indictment with one count of possession of a firearm by a felon in violation of Title 18, United States Code, Section 922(g) in case number 04-CR-20054-001 in the United States District Court for the Central District of Illinois. (R.3)[1]

---

[1] References to the United States of America's Position Regarding Open Plea of Guilty in case number 04-CR-20054 are to "Open Plea ¶__"; references to documents in the record of case number 04-CR-20054 are to the docket number on the district court's

2. On January 31, 2005, the petitioner pled guilty to the sole count of the indictment without the benefit of a written plea agreement. (docket entry 1/31/05) The petitioner was informed that if he was classified as an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e), he would face a mandatory minimum 15 year period of imprisonment to a maximum of life imprisonment. (R.10; Open Plea ¶7)

3. On April 1, 2005, the parties received the Presentence Report ("PSR"). (R.21) The PSR classified the petitioner as an Armed Career Criminal based on three prior convictions for a violent felony or serious drug offense. (PSR ¶23) Specifically, the PSR noted the petitioner's prior felony convictions in Vermilion County, Illinois for (1) Mob Action in 94-CF-257; (2) Aggravated Discharge of a Firearm in 97-CF-574; and (3) Possession of a Controlled Substance with Intent to Deliver in 98-CF-593. (PSR ¶¶23, 26,29,33) Overall, the petitioner had 22 criminal history points and was in Criminal History Category VI. (PSR ¶40) According to the PSR, the petitioner faced a statutory minimum sentence of 15 years imprisonment, and a guideline sentencing range of 180 to 210 months. (PSR ¶¶74,75) The petitioner did not object to any of his prior convictions listed in the PSR, his classification as an Armed Career Criminal, or his guideline sentencing range. (docket entry 12/20/2005)

---

docket sheet, e.g., "R.__"; references to docket entries in case number 04-CR-20054 are to "docket entry ___"; references to the Presentence Report in case number 04-CR-20054 are to "PSR ¶__"; references to the Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in this proceeding are to "Pet.Mot.__"; references to the Petitioner's Memorandum in Support of His Motion in this proceeding are to "Pet.Mem.__".

4.      On December 20, 2005, this Court sentenced the petitioner to the statutory minimum sentence of 180 months in the Federal Bureau of Prisons. (R.23;docket entry 12/20/2005) The Court entered its written judgment on December 23, 2005. (R.23) The petitioner did not pursue a direct appeal.

5.      On November 3, 2006, the petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet.Mot.1) In his motion, the petitioner claims that his sentence should be vacated because (1) his counsel was ineffective for failing to object to the use of his prior Mob Action conviction to classify him as an Armed Career Criminal (Pet.Mot. 5); and (2) the Court improperly used his prior Mob Action conviction to classify him as an Armed Career Criminal. (Pet.Mot.5)

6.      On November 3, 2006, this Court gave the United States until December 4, 2006 to respond to the petitioner's motion. (*See* Text Order dated 11/3/06)

**The Petitioner's Claim That The Court Erred Is Procedurally Defaulted**

7.      The petitioner's claim that the Court improperly used his prior Mob Action conviction to classify him as an Armed Career Criminal is procedurally defaulted because he failed to present this claim for direct appellate review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Section 2255 is not a substitute for direct appeal and claims that were not raised on direct appeal are deemed waived. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *see also McCleese v. United States*, 75 F.3d 1174,

1177 (7th Cir. 1996). The petitioner failed to raise this claim on direct appeal, and thus, it is procedurally barred.[2]

8.  A defaulted constitutional claim cannot be heard on collateral review unless the petitioner shows both cause for failure to raise the claim and actual prejudice resulting from the error he alleges. *United States v. Frady*, 456 U.S. 152, 170 (1982); *United States v. Lane*, 267 F.3d 715, 721-22 (7th Cir. 2001). As to cause, the petitioner must show "some objective factor external to the defense" impeded his efforts to raise the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The petitioner has made no such showing. Moreover, the petitioner must also show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. Again, the petitioner has made no such showing.

**The Court Properly Used The Petitioner's Prior Mob Action Conviction In Classifying the Petitioner as an Armed Career Criminal**

A.  An act of juvenile delinquency involving a violent felony is a qualifying conviction under the Armed Career Criminal Act ("ACCA")

9.  In his motion and memorandum, the crux of the petitioner's claim is that it was improper to use his prior Mob Action conviction to classify him as an Armed Career Criminal because it was a juvenile adjudication. As the certified copy of the petitioner's Mob Action conviction in 94-CF-257 (attached hereto as Exhibit A) shows,

---

[2] Although the petitioner did not raise his ineffective assistance claim on appeal, this claim is not procedurally barred as ineffective assistance of counsel claims may be raised for the first time in a § 2255 petition. *Massaro v. United States,* 538 U.S. 500, 509 (2003).

4

and as the PSR correctly reflected, the petitioner was charged as an adult in Vermilion County with four counts of Murder and one count of Mob Action. The Mob Action count alleged that the petitioner "knowingly by the use of force and violence, caused Michael Forman to be shot." (PSR ¶26) The petitioner's case was given a criminal (CF) number, not a juvenile (J) number. The petitioner was convicted of Mob Action, and acquitted of Murder, following a jury verdict; jury trials are not available in Illinois for juvenile adjudications. Ultimately, because of his age, however, the petitioner was sentenced as a juvenile and committed to the custody of the Illinois Juvenile Department of Corrections.

10. Under the plain language of the ACCA, "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). Moreover, "the term 'violent felony' means . . . any act of juvenile delinquency involving the use or carrying of a firearm . . . that would be punishable by imprisonment for such term if committed by an adult, that has as an element the use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

11. Here, the petitioner was convicted of knowingly using force and violence to cause someone to be shot by a firearm. Undoubtedly, this conviction qualifies as a "violent felony" under the ACCA. The ACCA does not place a time limit on previous convictions. *United States v. Wright*, 48 F.3d 254 (7th Cir. 1995).

8

12.     The only case cited by the petitioner in his memorandum, *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), is not controlling, and regardless, is inapposite. In *Tighe*, the Ninth Circuit applied *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to hold that juvenile adjudications obtained in proceedings that do not afford a right to a jury trial or require proof beyond a reasonable doubt cannot serve as ACCA predicates. The Seventh Circuit has never adopted *Tighe*, and every other circuit that has considered *Tighe* has rejected it outright. *United States v. Burge*, 407 F.3d 1183 (11th Cir. 2005); *United States v. Jones*, 332 F.3d 688, 695-96 (3d Cir. 2003); *United States v. Smalley*, 294 F.3d 1030, 1032-33 (8th Cir. 2002). More importantly, even if accepted, the reasoning of *Tighe* does not apply here because the petitioner *did* receive a jury trial in his prior case and was found guilty beyond a reasonable doubt of the offense of Mob Action. The possible *Apprendi* problem addressed in *Tighe* does not exist, and this Court properly found that the petitioner's prior Mob Action conviction qualified as a violent felony under the ACCA.

B.     Ineffective Assistance of Counsel

13.     To prevail on such a claim, the petitioner must show that counsel's performance fell below an objective standard of reasonableness and that counsel's poor performance prejudiced the outcome of the proceedings. *Valenzuela v. United States*, 261 F.3d 694, 698 (7th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's performance did not fall below an objective standard of reasonableness in failing to object to the prior Mob Action conviction because, as argued, *supra*, the

conviction qualified as a violent felony under the plain language of the ACCA. For those same reasons, counsel's failure to object to the use of the conviction did not prejudice the petitioner.

WHEREFORE the United States of America respectfully requests that this Court (1) deny the petitioner's claim as procedurally defaulted; and (2) deny the petitioner's claim on the merits.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Tramale J. M. Hooser
>Reg. No. 14297-026
>Federal Correctional Institution – Terre Haute
>P.O. Box 33
>Terre Haute, IN 47808

>s/ Eugene L. Miller
>Eugene L. Miller, Bar No. IL 6209521
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>eugene.miller@usdoj.gov

E-FILED
Monday, 04 December, 2006 03:54:07 PM
Clerk, U.S. District Court, ILCD

```
         PEOPLE                              } Case no. 1994CF000257
         VS.                                 }
         HOOSER, TRAMALE JAVON MICHAEL ET AL }
D 001  MURRAY, STEFHANCE LAMONT
       1 NORTH STATE STREET
       DANVILLE                 IL  61832-0000
         County Crm & Juv
         001 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         8/01/1995
             001 DOC                                 8/01/1995   40-00-000
         002 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         8/01/1995
             001 DOC                                 8/01/1995   40-00-000
         003 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         8/01/1995
             001 DOC                                 8/01/1995   40-00-000
         004 001 MURDER/STRONG PROB KILL/INJURE     Not Guilty
                 0720 ILCS 0005.0/9-1(a)(2)
             001 Not Guilty                         8/01/1995
             001 DOC                                 8/01/1995   40-00-000
         005 001 MOB ACTION/VIOLENCE                Not Guilty
                 0720 ILCS 0005.0/25-1(d)
             001 Not Guilty                         8/01/1995
             001 DOC                                 8/01/1995    3-00-000
         Total Due             213.00
         Total Paid               .00
         Balance               213.00
         Due Date           8/02/1995
         Total Bond               .00
D 002  KEYS, BOBBY R
         County Crm & Juv
         001 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         9/06/1996
         002 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         9/06/1996
         003 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         9/06/1996
         004 001 MURDER/INTENT TO KILL/INJURE       Not Guilty
                 0720 ILCS 0005.0/9-1(a)(1)
             001 Not Guilty                         9/06/1996
         005 001 MOB ACTION/VIOLENCE                Guilty
                 0720 ILCS 0005.0/25-1(d)
             001 Guilty                             9/06/1996
             001 DOC                                 9/06/1996    3-00-000
             002 Credit Time Served                 9/06/1996         304
         Total Due             163.00
         Total Paid               .00
         Balance               163.00
         Due Date           9/06/1996
         Total Bond               .00
D 003  BRYANT, ALLEN (NMI)                   COLOMBO, KEVIN
       608 ANDERSON
       DANVILLE                 IL  61832-0000
         County Crm & Juv
         001 001 MOB ACTION/VIOLENCE                Not Guilty
                 0720 ILCS 0005.0/25-1(d)
             001 Dismiss                            9/13/1996
         002 001 UNLWFL POSS FIREARM/<18            Guilty
```

Exhibit A

```
       PEOPLE                                  )
       VS.                                     ) Case no. 1994CF000257
       HOOSER, TRAMALE JAVON MICHAEL ET AL)
           0720 ILCS 0005.0/24-3.1(a)(1)
           001 Guilty                               9/13/1996
           001 Probation/Spec Cond                  9/13/1996      24-000
           002 Fine                                 9/13/1996
           003 Jail                                 9/13/1996         40
           004 Credit Time Served                   9/13/1996         18
       Total Due         1,487.00
       Total Paid        1,487.00
       Balance                 .00
       Due Date         9/13/1996
       Total Bond       2,000.00
   001 Bond             2,000.00    Receipt   7/07/1994   Reclass  9/16/1996  Ten Percent
   001 Voucher             40.00             11/03/1997
   002 Voucher             40.00             12/02/1997
   003 Voucher             10.00              1/06/1998
   004 Voucher             40.00              2/04/1998
   005 Voucher             40.00              3/02/1998
   006 Voucher             40.00              4/01/1998
   007 Voucher            390.00              6/03/1998
D 004 HUNTER, COURTNEY H                  DEARMOND, CRAIG
       R R 5  BOX 35
       DANVILLE              IL   61832-0000
       County Crm & Juv
       001 001 MOB ACTION/VIOLENCE             No Plea
           0720 ILCS 0005.0/25-1(d)
           001 Nolle Prosequi                      7/14/1994
       Total Bond             .00
D 005 HOOSER, TRAMALE JAVON MICHAEL                                          Cash-10%
       404 N BOWMAN
       DANVILLE              IL   61832-0000
       County Crm & Juv
       001 001 MURDER/INTENT TO KILL/INJURE    Not Guilty
           0720 ILCS 0005.0/9-1(a)(1)
           001 Not Guilty                          1/03/1996
       002 001 MURDER/INTENT TO KILL/INJURE    Not Guilty
           0720 ILCS 0005.0/9-1(a)(1)
           001 Not Guilty                          1/03/1996
       003 001 MURDER/INTENT TO KILL/INJURE    Not Guilty
           0720 ILCS 0005.0/9-1(a)(1)
           001 Not Guilty                          1/03/1996
       004 001 MURDER/INTENT TO KILL/INJURE    Not Guilty
           0720 ILCS 0005.0/9-1(a)(1)
           001 Not Guilty                          1/03/1996
       005 001 MOB ACTION/VIOLENCE             Guilty
           0720 ILCS 0005.0/25-1(d)
           001 Guilty                              1/03/1996
       Total Due           313.00
       Total Paid          263.00
       Balance              50.00
       Due Date         1/03/1996
       Total Bond       1,000.00
   001 Bond             1,000.00    Receipt  11/01/1995   Reclass 11/04/1996  Ten Percent
```

[Stamp: STATE OF ILLINOIS ) SS IN THE CIRCUIT COURT VERMILION COUNTY ) I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL NOW ON FILE IN THIS COURT AND CAUSE. SUSAN MILLER VERMILION COUNTY CIRCUIT CLERK / M. [signature] DEPUTY CLERK  6/17/04 DATED]

```
1994CF000257D 005
PEOPLE
VS.
HOOSER, TRAMALE JAVON MICHAEL
------------------------------------------------------------------------
 ENTERED   JDG CR  TEXT                                         CHANGED USER
------------------------------------------------------------------------
 6/24/1994      JW  **Complaint filed on 06/21/94.
                    SECOND AMENDED INFORMATION FILED.
                    CTS. I-IV FIRST DEGREE MURDER  (Class M)
                    CT.  V  MOB ACTION  (Class 4)

 7/15/1994      JW  **INDICTMENT RETURNED IN COURT & filed:
                    CTS. I-IV  FIRST DEGREE MURDER  (Class M)
                    CT.  V  MOB ACTION  (Class 4

 7/19/1994      JW  Cert. on file.
                    Motion for Pre-trial Disc. on file.

 12/05/1994     JW  Motion to Limit Introduction of Prior Conviction of Witnesses on file.

 1/26/1995      JW  Warrant issued & on file--NO BOND.

 2/10/1995      JW  ORDER ON FILE--Deft authorized to be held in PSB seperate from adults.

 2/14/1995 JKB KLW  Deft present in open court, sworn, and given copy of the information.
                    Deft advised as to his rights.  State present by Sandy Hoth.
                    public defender appointed with possible reimbursement.
                    Deft remanded to the custody of the sheriff to be held without bond.
                    Arraignment set for 02/24/95 at 09:00 in courtroom 3B.

 3/06/1995      JW  Copy of Order returned from PSB.
                    Warrant returned served & filed--arrest 2/11/95.

 3/09/1995      JW  Motion for Discovery
                    Deft's Answer to State's Motion on file.

 3/10/1995      JW  Notice on file.
                    Jury set for 05/15/95 at 08:30 in courtroom 107.
            TJF ALR ARRAIGNMENT:
                    State present by Larry Mills.
                    DEft present w/counsel, Wm Sohn.
                    furnished copy of Information and State's answer to discovery.
                    Deft acknowledges receipt of same, waives formal reading,
                    enters a plea of not guilty, and requests trial by jury.
                    Plea of not guilty noted of record.  Cause set for jury trial.
                    Deft given written notice of same while present in open court.
                    Deft advised of absentia warnings.  Defense given 25  days to
                    comply with discovery and file all pretrial motions.  Both sides
                    under continuing obligation to furnish discovery as is becomes
                    available.  Deft held without bond.  Deft remanded.
                    Jury set for 05/15/95 at 08:30 in courtroom 107.

 5/15/1995 TJF ALR  Cause called for jury trial.  State present by Brad Gerlach.
                    Deft. present with counsel, Lisa Lovelace.  Ms. Lovelace moves
                    to continue.  Mr. Gerlach objects.  Motion allowed.
                    Cause reset for July 10, 1995, at 9:00 a.m.  Deft. is
                    continued to be held without bond.  The Deft.'s term time is
                    tolled.

 5/16/1995      JW  Jury set for 07/10/95 at 08:30 in courtroom 107.

 6/23/1995      JW  Supplemental Answer to Discovery on file.

 6/29/1995      JW  Cert of Compliance on file.

 6/30/1995      JW  Cert of Compliance on file.

 7/06/1995      JW  Motion for Appointment of Separate Counsel on file.

 7/07/1995      JW  Motion to Suppress Statements on file.
                    Motion for Continuance on file.
                    Supplemental Answer to Discovery on file.
```

```
1994CF000257D 005
PEOPLE
VS.
HOOSER, TRAMALE JAVON MICHAEL
------------------------------------------------------------------------
 ENTERED    JDG CR  TEXT                                      CHANGED USER
------------------------------------------------------------------------

 7/10/1995  TJF BLI Cause called for jury trial.
                    State present by Mr. Gerlach.
                    Deft Hooser present with counsel, Ms. Lovelace.
                    Motion to continue by deft. Objection by State. Motion allowed over
                    objection. Cause reset for trial 9-11-95 and deft given written
                    notice of same while present in open court. Present bond to stand.
                    Motion by both sides to continue subpoenas. Motion allowed.
                    Orders to be submitted to the Court by both the State and the
                    defense as to said subpoenas.
                JW  Jury set for 09/11/95 at 08:30 in courtroom 107.

 7/12/1995      JW  ORDER ON FILE--Subpeonas continued to 9-11-95.
                    Cert. on file.
                    Motion for Pre-trial Disc. on file.

 7/14/1995      JW  Notice on file.
                    Motion set for 08/08/95 at 02:30 in courtroom 3B.

 8/07/1995      JLM Order issued on file.

 8/08/1995  TJF JSC Cause called for hearing on Deft's motion to suppress. State present
                    by Mr. Clary. Deft present with counsel, Ms. Lovelace. Sworn
                    testimony presented on behalf of State. Arguments heard. Motion
                    denied. Deft remanded. Cause set for jury trial on September 11,
                    1995. Trial will stand.
                JW  People's Ex. #1 & 2 admitted at Suppression hrg in 4th floor Ex
                    drawer.

 8/14/1995      JW  Letter from Deft requesting Discovery filed--review by Judge Fahey
                    and copies sent to P/D.

 8/29/1995      JW  Cert of Compliance on file.

 9/06/1995      JLM Certificate Of Compliance filed.

 9/11/1995  TJF JSC Cause called for jury trial. State present by Mr. Yannelli. Deft
                    present by counsel, Mr. McIntire, answers ready for trial. Cause
                    recessed until 1:00 p.m.
                    Cause called for jury trial. State present by Mr. Clary and Ms. Hoth.
                    Deft present with counsel, Ms. Lovelace. Pre-trial motions heard and
                    ruled upon by the Court. Jury panel of 12 and 2 alternates selected.
                    Cause adjourned until 9:00 a.m. 09/12/95.
                JW  Memorandum in Support of the Admissibility of Evidence of Flight
                    filed.
                    Motion to Limit Introduction of Prior Convictions of Witnesses on
                    file.
                    Motion in Limine #1 filed.
                    Motion in Limine #2 filed.
                    Motion in Limine #3 filed.
                    List of Witnesses on file.
                    Statement of the Case on file.
                    Proposed Voir Dire on file.
                    Deft's Voir Dire on file.

 9/12/1995  TJF JSC Cause called for jury trial. State present by Mr. Clary and Ms. Hoth.
                    Deft present with counsel, Ms. Lovelace.
                    All attachments for contempt issued are ordered quashed.
                    Opening statements presented.
                    Sworn testimony presented on behalf of State.
                    Cause adjourned until 9:00 a.m. 09/13/95.
                JW  Attachemtn fro Contempt returned quashed--Daniel Offett.
                    Attachment for Contempt returned filed--Herman Strong.
                    Copy of Attachment for Contempt filed--Dorsey Boyd.

 9/13/1995  TJF JSC Cause called for continuation of jury trial. State present by
```

```
1994CF000257D 005
PEOPLE
VS.
HOOSER, TRAMALE JAVON MICHAEL
-------------------------------------------------------------------------
                                                              CHANGED  USER
  ENTERED    JDG CR  TEXT
-------------------------------------------------------------------------
                    Mr. Clary and Ms. Hoth. Deft present with counsel, Ms. Lovelace.
                    Further sworn testimony presented on behalf of State.
                    Cause adjourned until 9:00 a.m. 09/14/95.
            KLW     Attachment for contempt returned and filed--arrest 9/12/95.

9/14/1995 TJF JSC   Cause called for continuation of jury trial. Aforementioned parties
                    present. State's exhibits admitted into evidence. State rests.
                    Sworn testimony presented on behalf of Deft. Deft rests. Jury
                    instruction conference held. Closing arguments presented. Jury
                    retires to deliberate at 3:04 p.m. Jury returns to open court at 5:00
                    p.m. with the following verdicts:
                    "We the jury find the Deft Tramale Hooser guilty of Mob Action."
                    "We the jury find the Deft Tramale Hooser not guilty of First Degree
                    Murder."
                    Judgment entered on guilty finding of Mob Action. Matter referred to
                    probation for preparation of pre-sentence report. Sentencing to be
                    set upon notice by the State. Deft remanded.
            JW      Attachment for contempt issued (not served)--Charles Wilson.
                    Agreed Stipulation on file.
                    JURY VERDICTS ON FILE--GUILTY OF MOB ACTION
                                          NOT GUILTY FIRST DEGREE MURDER

9/18/1995   JW      Motion for Sentencing as an Adult on file.
                    Notice on file.
                    Motion hearing set for 10/25/95 at 09:30 in courtroom 3B.

9/21/1995   JW      LIST OF EXHIBITS ON FILE--Peoples Ex. 1-58 in with Stephance Murray.
                                              Peoples 59a & 59b in 4th floor vault
                                              People's 70 & 72 & JURY INSTRUCTIONS in
                                              exhibit drawer on 4th.

10/12/1995  JW      Motion for Judgement or Acquittal on file.

10/16/1995  JW      Motion to Set Bail on file.
                    Notice on file.
                    Motion hearing set for 10/25/95 at 09:30 in courtroom 3B.

10/23/1995  JW      Notice on file. (2)
                    Motion hearing set for 11/14/95 at 10:30 in courtroom 3B.
                    Sentencing hearing set for 11/14/95 at 10:30 in courtroom 3B.

10/25/1995 TJF BLI  Cause called for hearing on State's motion to sentence as an adult.
                    State present by Mr. Clary.
                    Deft Hooser present with counsel, Ms. Lovelace.
                    Sworn evidence presented.
                    Arguments of counsel received by the Court.
                    Motion denied.
                    Deft will be sentenced as a juvenile.
                    Court sets bond at $10,000 10%.
                    Deft remanded.

11/01/1995          $1,000.00 10% BOND ON FILE WITH ASSIGNMENT TO ERIC SMITH, 442 ELM,
                    DANVILLE, IL 61832, PHONE # 217 446 1370
            JW      Notice on file.
                    Sentencing hearing set for 11/14/95 at 10:30 in courtroom 3B.

11/08/1995  JW      PSI Report on file.

11/15/1995  JW      Notice on file. (Disregard Previous)
                    Sentencing hearing set for 01/03/96 at 02:00 in courtroom 3B.

1/03/1996 TJF MB    Cause called for hearing on Deft's post-trial motion for judgment
                    N. O. V. or in the alternative new trial. State present by Mr. Clary.
                    Deft. present with Mr. McIntire, PD. Arguments heard. Motion denied.
                    Cause called for sentencing hearing. Same appearances. Joe Smith
                    present for probation office. Sworn evidence presented in mitigation.
```

```
1994CF000257D 005
PEOPLE
VS.
HOOSER, TRAMALE JAVON MICHAEL
------------------------------------------------------------------------------
ENTERED    JDG CR  TEXT                                          CHANGED   USER
------------------------------------------------------------------------------
                   Arguments heard.  Court finds that pursuant to Section 705 ILCS
                   405/5-23(10) a crime was committed.  Finding and judgment that Deft.
                   is a delinquent minor and Court makes Deft. a ward of the Court.
                   Court commits Deft. to IL DOC Juvenile Division for an indeterminate
                   term.  Mittimus to issue.  Sheriff to deliver.  Deft. given credit
                   for 279 days time served.  Deft. ordered to pay costs of suit and
                   costs will be taken from bond.  Deft. advised of appeal rights.
                   Motion by Deft. that Clerk be directed to prepare and file a notice
                   of appeal and that the Deft. be found to be indigent for purposes
                   of appeal and the Appellate Defender be appointed to represent the
                   Deft.  Motion allowed.  Deft. remanded.
               JW  Dispositional Order & Commitment on file--Cert copy to PSB.

1/04/1996      JW  Bond applied--$737 refund to Eric Smith #6507.

1/05/1996      JW  Penn Letter from S/A office on file.

1/09/1996      JW  Mittimus issued & on file--original to PSB.

2/02/1996      CMH Notice of Appeal filed.
                   Appointment of counsel on appeal filed.
                   Court Reporter notice filed.

2/05/1996      CMH Proof of mailing notice filed.

2/09/1996      JW  Motion for Release of Evidence filed.

2/23/1996      JW  ******PEOPLE's EX. 34-42-; 47-49; and 51-54 RELEASED TO LARRY
                   THOMASOM DANVILLE P.D. AS PER ORDER ENTERED IN DEFT KEYS 2/16/96 (JW)

3/05/1996          Letter from Appellate Defender - send deft transcript to him

3/06/1996      CMH Letter from Appellate Court and Docketing Statement on file -
                      Appeal due 4/5/96

3/12/1996      CMH Transcript and copy of 3/10/95 on file.
                   Transcript and copy of 5/15/95 on file.

3/22/1996      JW  Transcript and copy of 10-25-95 on file
                   Transcript & Copy of 7-10-95 on file.
                   Transcript & Copy of 1-3-96 on file.
                   Transcript & Copy of 8-8-95 on file.
                   Transcript & Copy of 9-12-95 on file.
                   Transcript & COpy of 9-13-95 on file.
                   Transcript & Copy of 9-14-96 on file.

4/08/1996          Letter from Appellate Court - received 10 volume record on appeal and
                   one envelope of jury instructions.

2/05/1997      JW  Mandate from Appellate Court filed--affirmed.

3/25/1997      JW  Discharge from Juvenile Division on file.

5/16/1997      JW  Letter from Appellate Court filed--$50 S/A fees assessed.

9/08/1997      JW  Receipt of originals from Appellate Court file--original receipt
                   returned--original 1 volume common law returned to original order,
                   9 volume transcripts returned to take to basement, and jury
                   instructions returned and put in back of file.

5/08/1998      JW  EXHIBITS TAKEN TO BASEMENT (1 small box and poster)
```