E-FILED
Monday, 30 April, 2007   04:02:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **TRAMALE J. HOOSER.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 06-CV-2218 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On November 3, 2006, Petitioner, Tramale J. Hooser, filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. On December 4, 2006, the Government filed its Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#3). This court has carefully considered Petitioner's claims, the Government's Response, and the record in this case. Following this careful and thorough review, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.

## FACTS

On September 1, 2004, in Case No. 04-CR-20054, Petitioner was charged by indictment with the offense of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On January 31, 2005, Petitioner pleaded guilty to the charge. There was no written plea agreement. A sentencing hearing was held on December 20, 2005. The presentence investigation report (PSR) stated that Petitioner should be classified as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). Under this statute, known as the Armed Career Criminal Act, a "person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C.

§ 924(e)(1). Specifically, the PSR noted Petitioner's prior felony convictions in Vermilion County, Illinois, for: (1) mob action in Case No. 94-CF-257; (2) aggravated discharge of a firearm in Case No. 97-CF-593; and (3) possession of a controlled substance with intent to deliver in Case No. 98-CF-593. According to the PSR, Petitioner faced a statutory minimum sentence of 15 years imprisonment, and a guideline sentencing range of 180 to 210 months. At sentencing, Petitioner had no objections to the PSR. This court sentenced Petitioner to the statutory minimum sentence of 180 months in the Federal Bureau of Prisons. Written judgment (#23) was entered on December 23, 2006. Petitioner did not file an appeal from his conviction or sentence.

As noted, on November 3, 2006, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Petitioner argued that he should not have been sentenced as an Armed Career Criminal because one of the underlying convictions was a juvenile adjudication. Petitioner also argued that he was denied the effective assistance of counsel because his counsel did not object at sentencing to the use of the juvenile adjudication.

On December 4, 2006, the Government filed its Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#6). The Government argued that Petitioner's claim that this court erred in classifying Petitioner as an Armed Career Criminal has been procedurally defaulted because Petitioner failed to raise it on direct appeal. The Government also argued that Petitioner's claims fail on the merits because this court properly used Petitioner's prior mob action conviction in classifying him as an armed career criminal and that, therefore, Petitioner was not denied the effective assistance of counsel when his counsel failed to make a futile objection at sentencing. This court agrees with the Government's arguments.

## ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary

situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), citing Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1996). An evidentiary hearing is not required in all § 2255 cases and need not be held "if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007), quoting 28 U.S.C. § 2255. Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

This court first agrees with the Government that a "§ 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" Varela v. United States, ___ F.3d ___, 2007 WL 569854, at *3 (7th Cir. 2007), quoting McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Petitioner could have raised his argument that he should not have been sentenced as an Armed Career Criminal on direct appeal and did not, thus, he has procedurally defaulted this claim. See Bousley v. United States, 523 U.S. 614, 621 (1998).

However, even if this court considered Petitioner's argument, this court also agrees with the Government that it is completely without merit. Petitioner claims that his conviction of mob action should not have been considered in classifying him as an Armed Career Criminal because it was a juvenile adjudication and was used "after the prescribed 5 year applicable time period." The record shows, however, that Petitioner was charged as an adult in Vermilion County in 1994 with four counts of murder and one count of mob action. The mob action charge alleged that Petitioner "knowingly by the use of force and violence, caused Michael Forman to be shot." The record shows that the case

3

was given a criminal number rather than a juvenile number. After a jury trial, Petitioner was convicted of mob action, and acquitted of murder. The Government has noted that a jury trial would not have been available for a juvenile adjudication. Because of his age, however, Petitioner was sentenced as a juvenile and committed to the custody of the Illinois Juvenile Department of Corrections.

Under the plain language of the Armed Career Criminal Act, "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). Moreover, "the term 'violent felony' means . . . any act of juvenile delinquency involving the use or carrying of a firearm . . . that would be punishable by imprisonment for such term if committed by an adult, that . . . has as an element the use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In this case, Petitioner was convicted of an offense which involved knowingly using force and violence to cause someone to be shot by a firearm. This clearly meets the definition of a violent felony under the Armed Career Criminal Act, even if it was an act of juvenile delinquency. Moreover, the Seventh Circuit has held that there is no time limitation placed on the predicate offenses the Government may rely upon under § 924(e). See United States v. Wright, 48 F.3d 254, 256 (7th Cir. 1995). Therefore, Petitioner's argument clearly fails.

Petitioner has relied on United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001). In Tighe, the Ninth Circuit Court of Appeals held that juvenile adjudications obtained in proceedings that do not afford a right to a jury trial or require proof beyond a reasonable doubt cannot serve as predicate offenses for purposes of the Armed Career Criminal Act. Tighe, 266 F.3d at 1194-95. Since the decision in Tighe, the Third, Eighth and Eleventh Circuits have rejected this holding. See United States v. Burge, 407 F.3d 1183, 1190-1191 (11th Cir. 2005), cert. denied, 126 S. Ct. 551 (2005); United States v. Jones, 332 F.3d 688, 695-96 (3d Cir. 2003); United States v. Smalley, 294 F.3d 1030,

1032-33 (8th Cir. 2002). This court notes that, while the Seventh Circuit has not addressed the holding in Tighe, it had previously recognized that juvenile adjudications for violent felonies qualify as predicate offenses under § 924(e). See United States v. Hudspeth, 42 F.3d 1015, 1021 n.7 (7th Cir. 1994). In addition, a district court in California noted that the Tighe court did not explicitly bar the use of juvenile adjudications as predicate offenses for purposes of the Armed Career Criminal Act but, in fact, suggested that a juvenile adjudication could serve as the basis for an enhancement so long as it was submitted to a jury and proved beyond a reasonable doubt. United States v. Blanton, 367 F. Supp. 2d 1288, 1290-91 (C.D. Cal. 2005), citing Tighe, 266 F.3d at 1194-95. This court therefore agrees with the Government that, even if it accepted the reasoning of Tighe, Petitioner's conviction of mob action was properly considered in determining that he should be sentenced under the Armed Career Criminal Act because he did receive a jury trial and was found guilty beyond a reasonable doubt.

This court also agrees with the Government that Petitioner has not shown that he was denied the effective assistance of counsel. To prevail on such a claim, a petitioner must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, a petitioner must demonstrate a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because there is absolutely no merit to Petitioner's argument, Petitioner was not prejudiced by his counsel's failure to make this objection at sentencing. See Strickland v. Washington, 466 U.S. at 694.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255

(#1) is DENIED.

(2) This case is terminated.

ENTERED this  30th  day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE