**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

---

| | |
|---|---|
| TRAMALE J. HOOSER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **Case No. 06-CV-2218** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On November 3, 2006, Petitioner, Tramale J. Hooser, filed a pro se Motion to

Vacate, Set Aside, or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255.  This court

entered an Opinion (#4) denying the Motion (#1) on April 30, 2007.  Now, more than six

years later, Petitioner has filed a "Rule 60(b)(6) Motion for Relief from Judgment" (#6),

in which he argues that this court erred in sentencing him as an armed career criminal

under 18 U.S.C. § 924(e) and also that "the violation of Title 18 U.S.C. § 924(e) was not

charged on the indictment, but more importantly no Information was filed by the U.S.

Attorney per 21 U.S.C. § 851."  Because Petitioner's latest request for relief can only be

considered a Motion under 28 U.S.C. § 2255, this court must dismiss it for lack of

jurisdiction.

ANALYSIS

Petitioner's motion under 28 U.S.C. § 2255 was denied by this court in its Opinion

(#4) of April 30, 2007.  In his current pro se "Rule 60(b)(6)" motion before this court,

Defendant is again seeking recalculation and reduction of his sentence.  This court

concludes that this is relief which can only be sought under 28 U.S.C. § 2255.  The label

Petitioner has used on his motion "is immaterial; it is the substance of the petitioner's

motion that controls how his request for relief shall be treated." *United States v.*

*Carraway*, 478 F.3d 845, 848 (7th Cir. 2007).  "Critically, it does not matter how the

prisoner labels his pleading. *** Often a prisoner will file a motion under Rule 60(b) of

the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion

and the relief he seeks will mark the motion as functionally a petition for habeas corpus or

a motion under section 2255, because it challenges the legality of his detention and seeks

his release.  If so, it will be treated as such." *Curry v. United States*, 507 F.3d 603, 604

(7th Cir. 2007).  The statute's opening paragraph permits a federal prisoner to file a

motion to have his sentence vacated, set aside, or corrected "upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States, or that

the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack."

28 U.S.C. § 2255(a); *see also Carraway*, 478 F.3d at 848-49.

Petitioner's Rule 60(b)(6) motion (#6), concerning his classification as an Armed

Career Criminal based on the predicate offense of aggravated discharge of a firearm and

whether the government filed an information concerning the predicate offense, seeks to

alter or vacate his original sentence, and therefore this court construes it as a request for

relief under § 2255.  Understood as a request for relief under § 2255, Petitioner's motion

"is subject to the requirement that second or successive motions under this statute must be

authorized by the court of appeals." *See Carraway*, 478 F.3d at 849.  Section 2255(h)

provides that a "second or successive motion must be certified as provided in section

2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  Accordingly,

a district court has no jurisdiction to hear a second or successive motion under § 2255

unless the Seventh Circuit Court of Appeals has issued an order authorizing the district

court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A); *Carraway*, 478 F.3d at 849;

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  "A district court *must* dismiss a

second or successive petition, without awaiting any response from the government, unless

the court of appeals has given approval for its filing."  *Nunez*, 96 F.3d at 991 (emphasis in

original).

In this case, the Seventh Circuit has not authorized the filing of a second or

successive motion pursuant to § 2255.  Consequently, this court is without jurisdiction to

entertain Petitioner's pro se Rule 60(b) motion and it must be dismissed.  *See Nunez*, 96

F.3d at 991.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court

denies a certificate of appealability in this case.  "When the district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional

claim," which has happened here, a certificate of appealability should issue only when the

prisoner shows both "that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right *and* that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).  This court concludes that jurists

of reason would not find it debatable whether Petitioner's Rule 60(b) motion states a valid

claim of the denial of a constitutional right and also concludes that jurists of reason would

not find it debatable whether this court correctly found it lacks jurisdiction over

Petitioner's motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's "Rule 60(b)(6) Motion for Relief from Judgment" (#6) is dismissed

for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

ENTERED this 2nd day of October, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE